# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ESTATE OF JAMES H. LAFEVRE, deceased, by and through Executor JAMES E. LAFEVRE,<br><br>Defendant. | CAUSE NO.: 2:14-CV-285-TLS |

## OPINION AND ORDER

This matter is before the Court on the Government's Motion for Summary Judgment [ECF No. 93], filed on October 6, 2017. For the reasons stated below, the Government's Motion for Summary Judgment is GRANTED.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has explained that "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party has properly supported his motion, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015). "To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in [his] favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir.

2012). Within this context, the Court must construe all facts and reasonable inferences from those facts in the light most favorable to the nonmoving party. *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 550 (7th Cir. 2017). However, the nonmoving party "is only entitled to the benefit of inferences supported by admissible evidence, not those 'supported by only speculation or conjecture.'" *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citing *Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014)). Likewise, irrelevant or unnecessary factual disputes do not preclude the entry of summary judgment. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## STATEMENT OF MATERIAL FACTS

James H. LaFevre (the Taxpayer) was the sole owner of Applied Computer Techniques (ACT) from 1994 through 1999. Decl. of Yvette Stiger, ¶ 4, ECF No. 38-2. The Taxpayer closed ACT at the end of 1999. *Id.* However, the Taxpayer did not file timely returns for (1) certain liabilities associated with withheld income and taxes pursuant to the Federal Insurance Contribution Act (FICA); (2) the employer's portion of FICA taxes (employment taxes), reportable on Internal Revenue Service Form 941; and (3) Federal Unemployment Tax Act taxes (federal unemployment taxes), reportable on Internal Revenue Service Form 940. *Id.* ¶ 5.

From 1994 through 1998, a delegate of the Secretary of the Treasury made assessments against the Taxpayer for liabilities associated with (1) withheld income and FICA taxes, (2) the employer's portion of FICA taxes, and (3) federal unemployment taxes. *Id.* ¶ 6. The dates of the assessments for "tax type" 941 were June 30, 1994, September 30, 1994, December 31, 1994, March 31, 1995, June 30, 1995, September 30, 1995, December 31, 1995, March 31, 1996, June

30, 1996, September 30, 1996, December 31, 1996, March 31, 1997, June 30, 1997, September 30, 1997, December 31, 1997, March 31, 1998, June 30, 1998, September 30, 1998, and December 31, 1998. The date of the assessments for "tax type" 940 were December 31, 1994, December 31, 1995, December 31, 1996, December 31, 1997, and December 31, 1998. *Id.* Delegates of the Secretary of the Treasury issued notice of these assessments and demanded payment from the Taxpayer. *Id.* ¶ 8. However, the Taxpayer failed, neglected, or refused to fully pay the assessed liabilities and statutory interest. *Id.* ¶ 9.

The IRS sent the Taxpayer notices of collection, including notices of intent to levy. *Id.* ¶ 10. In 2007, the Taxpayer filed requests for collection due process hearings, which were considered by the IRS Appeals Office and then the United States Tax Court. *Id.* ¶¶ 11–13. In February 2009, the United States Tax Court upheld the IRS's actions. *Id.* ¶ 13. In June 2009, the Taxpayer made an offer in compromise regarding his tax liability. *Id.* ¶ 15. In May 2011, a delegate of the Secretary of the Treasury denied the offer in compromise. *Id.* ¶ 16.

The Taxpayer died testate on January 11, 2013. *Id.* ¶ 17. His health was compromised by his military service in the Vietnam War. *See* Def.'s Trial Rule 56 Designation of Facts Precluding Summ. J., ¶¶ 1–5, ECF No. 73. On February 7, 2013, the Taxpayer's probate case, which remains pending, was filed in the Superior Court of Porter County, Indiana. Decl. of Yvette Stiger, ¶ 18. James E. LaFevre was named Executor of his father's estate. *Id.* ¶ 19. The IRS filed a claim for internal revenue taxes against the Defendant, which is the Taxpayer's estate. *Id.* ¶ 20. Yvette Stiger, a revenue officer with the IRS, states within her declaration that the Taxpayer "has failed, neglected or refused to fully pay the assessed [(tax)] liabilities" and that the Defendant owes "$3,423,621.48 as of September 30, 2017, plus statutory additions and interest according to law that continue to accrue after September 30, 2017." *Id.* ¶ 9. Stiger based

3

her conclusion upon the IRS Certificates of Assessments, Payments, and Other Specified Matters (Forms 4340) and an IRS computer generated payoff calculator showing total interest owed as of September 30, 2017. *Id.* ¶ 7; *see also* Ex. A, Certificates of Assessments, Payments, and Other Specified Matters, ECF Nos. 38-3 through 38-10; and Ex. B, Payoff Calculations, ECF No. 38-11.

## ANALYSIS

The Government requests that the Court grant its Motion for Summary Judgment and order that judgment be entered against the Defendant in the amount of $3,423,621.48, plus applicable fees and interest until the judgment is satisfied. The Defendant responds that (1) there is a question of material fact as to the amount of taxes owed and (2) the Court should enjoin collection of any applicable taxes due to "special circumstances." The Court addresses these issues in turn.

A.  **The Amount of Taxes Owed**

The Defendant argues there is a question of material fact as to the amount of taxes owed. The Court disagrees.

"An 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). "Certificates of Assessments and Payments establish the fact of assessment and carry with them a presumption of validity and that the assessments they reflect were properly made." *Hefti v. Internal Revenue Serv.*, 8 F.3d 1169, 1172 (7th Cir. 1993); *see also United States v. Maier*, No. 17 C 08433, 2019 WL 1399983, at *6 (N.D. Ill. Mar. 28, 2019) ("The IRS records its assessments on Forms 4340, which 'establish the fact of assessment and carry with them a

presumption of validity and that the assessments they reflect were properly made.'" (quoting *Hefti*, 8 F.3d at 1172)); *United States v. Ritland*, No. 15 C 1062, 2017 WL 25468, at *2 (E.D. Wis. Jan. 3, 2017) ("The IRS uses Form 4340, the certificate of assessments, payments, and other specified matters, to assist in its calculation. Form 4340 establishes the presumption of a valid tax assessment of the amounts the taxpayer owes." (citing *Fior D'Italia*, 536 U.S. at 242)). "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court." *Fior D'Italia,* 536 U.S. at 242.

The presumption of correctness "imposes upon the taxpayer the burden of proving that the assessment is erroneous." *Pittman v. Comm'r*, 100 F.3d 1308, 1313 (7th Cir. 1996) (quoting *Gold Emporium, Inc. v. Comm'r*, 910 F.2d 1374, 1378 (7th Cir. 1990)); *see also United States v. Cooke*, 804 F. Supp. 2d 913, 916 (S.D. Ind. 2011). To rebut this presumption, the taxpayer must demonstrate that the "assessment lacks a rational foundation or is arbitrary and excessive." *Cole v. Comm'r*, 637 F.3d 767, 773 (7th Cir. 2011) (quoting *Pittman*, 100 F.3d at 1313). An assessment lacks a rational foundation when the Government makes no evidentiary showing or when the evidence completely fails to link the taxpayer to the alleged tax deficiency. *Pittman*, 100 F.3d at 1313. An assessment is arbitrary and excessive when it bears no factual relationship to the taxpayer's liability. *Gold Emporium*, 910 F.2d at 1378 (quoting *Zuhone v. Comm'r*, 883 F.3d 1317, 1325 (7th Cir. 1989)). A general denial of liability is insufficient to meet the taxpayer's burden of rebutting the presumption of correctness. *Avco Delta Corp. Canada Ltd. v. United States*, 540 F.2d 258, 262 (7th Cir. 1976).

The Government offers evidence that the Defendant's tax liability is $3,423,621.48, plus applicable fees and interest. Yvette Stiger, a revenue officer with the IRS, states that the

Defendant owes "$3,423,621.48 as of September 30, 2017, plus statutory additions and interest according to law that continue to accrue after September 30, 2017." Decl. of Yvette Stiger, ¶ 9, ECF No. 38-2. Stiger based her conclusion on the Certificates of Assessments, Payments, and Other Specified Matters (Forms 4340) and an IRS computer generated payoff calculator showing total interest owed as of September 30, 2017. *Id.* ¶ 7; *see also* Ex. A, Certificates of Assessments, Payments, and Other Specified Matters, ECF Nos. 38-3 through 38-10; Ex. B, Payoff Calculations, ECF No. 38-11. Based upon this evidence, the Court concludes that the Government is entitled to the presumption of correctness.

The Court next finds that the Defendant has failed to meet its burden of proving that the assessment is erroneous. *Pittman*, 100 F.3d at 1313. The Defendant offers the affidavit of James L. Stan, who is an attorney and a certified public accountant. Stan avers that he "prepared tax returns and made payment(s) with special endorsement conditions for federal taxes owed by James H. LaFevre." Aff. of James L. Stan, ¶ 6, ECF No. 73-1. Stan further states that "the Government's calculations of federal taxes, if any, owed by the Estate of James H, LaFevre are inaccurate as to when his returns were filed, checks were endorsed with special conditions, and a one time abatement exists as to penalties and related interest for all period(s) . . . ." *Id.* ¶ 7. Based upon this affidavit, the Defendant argues that "tax returns were prepared and payments for taxes were made on behalf of James H. Lafevre with special endorsement(s) which tolled interest and negated penalties claimed by the Government." Def.'s Mem. Opp'n Pl.'s Summ. J. Mot., p. 4, ECF No. 74. However, the Defendant does not explain the legal effect, if any, that the "special endorsements" have on the Defendant's tax liability. Critically, the Defendant does not cite any authority to support this position that special endorsements would toll interest and negate tax

penalties. As such, this argument fails to demonstrate that the Government's assessment is erroneous.

The Defendant also argues that there is a genuine dispute of material fact as to the computation of taxes based on (1) "notice issues, interest, penalties and abatement(s) application" and (2) "application of factors such as the doctrine of laches and tolling of fees, special circumstances application for set off(s), equity consideration(s), one time tax abatement application as to penalties and interest application and defenses plead herein." Def.'s Mem. Opp'n Pl.'s Summ. J. Mot., p. 4, ECF No. 74. However, the Defendant provides no legal authority or further analysis in support of these arguments. Furthermore, the Defendant does not argue, let alone demonstrate, that the Government's underlying assessments are incorrect. As such, these arguments fail to demonstrate that the assessment is erroneous.

Additionally, the Defendant has not introduced any tax returns, income statements, bank statements, payroll statements, or any documents to challenge the Government's assessments. Likewise, the Defendant does not even directly challenge the documentary evidence which the Government has submitted in this case. *See* Def.'s Mem. Opp'n Pl.'s Summ. J. Mot., p. 4, ECF No. 74. It is important to emphasize that the Government has satisfied its initial burden, so the Defendant is required to identify specific, admissible evidence showing that there is a genuine dispute of material fact for trial. *Grant*, 870 F.3d at 568. Accordingly, based upon the lack of evidentiary support, the Defendant has failed to meet his burden of proving that the assessment is erroneous. *See Kikalos v. Comm'r*, 434 F.3d 977, 985–86 (7th Cir. 2006) (finding that taxpayer failed to rebut the presumption of correctness when he did not produce evidence to support his argument); *Cole*, 637 F.3d at 774–75 (finding that taxpayers failed to rebut presumption of correctness when they "did not produce credible documentary or other evidence" and "produced

7

no records supporting [their] figures"); *Ritland*, 2017 WL 25468, at *2 (finding that taxpayer "failed to rebut the presumption of correctness because she has not offered any evidence to establish that the assessments are erroneous or presented any alternative calculation suggesting the actual amount she owes").

In summation, the Government's tax assessment is entitled to a presumption of correctness due to the documentary evidence that it submitted. *Hefti*, 8 F.3d at 1172. This shifted the burden to the Defendant to demonstrate that the assessment is erroneous. *Cole*, 637 F.3d at 773. The Defendant, for the reasons stated above, has failed to meet this burden. Accordingly, the Government has met its burden of establishing that the Defendant owes $3,423,621.48, plus statutory additions and interest from and after September 30, 2017.

**B.      Injunctive Relief for Special Circumstances**

In an attempt to avoid collection of its tax liability, the Defendant also argues that this Court should enjoin the collection of taxes based upon exceptional and extraordinary circumstances. Namely, the Defendant argues that the Taxpayer's military service during the Vietnam War, which led to health problems that contributed to his death, should compel the Court to enjoin the collection of taxes. *See* Def.'s Mem. Opp'n Pl.'s Summ. J. Mot., pp. 2–3, ECF No. 74. The Court, although grateful for the sacrifices the Taxpayer has made to this country, concludes that the Defendant is not entitled to injunctive relief.

"The Anti-Injunction Act provides that 'no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.'" *Korte v. Sebelius*, 735 F.3d 654, 669 (7th Cir. 2013) (quoting 26 U.S.C. § 7421(a)). "This statute protects the Government's ability to collect a consistent stream of revenue, by barring litigation to enjoin or otherwise

obstruct the collection of taxes. Because of the Anti–Injunction Act, taxes can ordinarily be challenged only after they are paid, by suing for a refund." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 543 (2012). Nevertheless, "the Supreme Court has allowed suits for injunctions in tax cases in certain extreme situations where: (1) under the most liberal view of the law and facts, the government could not ultimately prevail; and (2) [the taxpayer] will sustain irreparable injury for which there is no adequate remedy at law." *Rappaport v. United States*, 583 F.2d 298, 301 (7th Cir. 1978) (citing *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758 (1974); *Bob Jones Univ. v. Simon*, 416 U.S. 725, 735 (1974); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)).

The Defendant cannot meet either element of the test to obtain an injunction. First, as noted above, the Government has supported its position with voluminous documentary evidence. Furthermore, Yvette Stiger, a revenue officer with the IRS, stated that the Defendant owes "$3,423,621.48 as of September 30, 2017, plus statutory additions and interest according to law that continue to accrue after September 30, 2017." Decl. of Yvette Stiger, ¶ 9, ECF No. 38-2. In response, the Defendant has raised boilerplate legal arguments without citation to pertinent authority, as discussed above. Accordingly, "the first prong of the test is not satisfied since it cannot be said that the government has no chance of success on the merits." *Rappaport*, 583 F.2d at 302; *see also Williams Packing*, 370 U.S. at 8 (noting that suits to enjoin the collection of taxes are normally prohibited when the government makes an assessment and claims it is valid). Second, the Defendant fails to argue, let alone demonstrate, how it would sustain irreparable injury for which there is no adequate remedy at law. For example, the Taxpayer is already deceased, and the Defendant does not argue that the Taxpayer's former business would cease operations if the tax is collected. *See Williams Packing*, 370 U.S. at 6 (noting that irreparable

9

injury includes ruination of a taxpayer's business). Moreover, the Defendant does not argue that paying the tax and then suing for a refund is somehow an inadequate legal remedy. *See Barr v. United States*, 736 F.2d 1134, 1135 (7th Cir. 1984) (concluding that the taxpayer had an adequate remedy at law because he could pay the tax and then sue for a refund).

The Defendant, relying primarily upon *Miller v. Standard Nut Margarine Co. of Florida*, 284 U.S. 498, 509 (1932), argues that the Taxpayer's military service which contributed to his death is a special and extraordinary circumstance upon which the Court may enjoin the collection of taxes. In *Standard Nut*, the Supreme Court held that "in cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector." *Id.* However, in *Williams Packing*, the Supreme Court clarified that, "if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case, the attempted collection may be enjoined if equity jurisdiction otherwise exists." 370 U.S. at 7. As stated above, it cannot be said that the Government has no chance of success on the merits in this case. Accordingly, the Defendant's reliance upon *Standard Nut* and its progeny is misplaced. *See Bob Jones Univ.*, 416 U.S. at 745 ("Williams Packing switched the focus of the extraordinary and exceptional circumstances test from a showing of the degree of harm to the plaintiff absent an injunction to the requirement that it be established that the Service's action is plainly without a legal basis."); *Barry v. Am. Tel. & Tel. Co.*, 563 A.2d 1069, 1076 (D.C. 1989) ("*Williams Packing* unequivocally gutted the 'special and extraordinary circumstances' exception created in *Standard Nut* and replaced it with a far more stringent

standard which requires the taxpayer to prove that the government has no chance of success on the merits in addition to some irreparable injury.").

The Defendant also cites to *Leago v. Commissioner*, T.C. Memo. 2012-39 (T.C. 2012), in support of his argument regarding special and extraordinary circumstances. However, this case dealt with whether a settlement officer abused her discretion in evaluating whether the taxpayer had established special circumstances which might have warranted the acceptance of an offer-in-compromise for an amount less than the taxpayer's reasonable collection potential; this case did not involve enjoining the collection of taxes based upon special circumstances. *Id.* at *9. Accordingly, the procedural posture of *Leago* is distinguishable from that of this case. Therefore, the Defendant's request for an injunction to prevent the collection of the taxes is denied.

**CONCLUSION**

For the reasons stated above, the Government's Motion for Summary Judgment [ECF No. 93] is GRANTED. The Court ORDERS that judgment is entered in favor of the Plaintiff, the United States of America, and against the Defendant, the Estate of James H. LaFevre, deceased, by and through Executor James E. LaFevre. Judgment in favor of the Plaintiff is entered in the amount of $3,423,621.48, plus statutory additions from and after September 30, 2017, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), until the judgment is satisfied.

SO ORDERED on October 24, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
